UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| Ella J. Fausz, individually, and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>NPAS, Inc.<br><br>    **SERVE**:<br>    CT Corporation System<br>    306 West Main Street, Suite 512<br>    Frankfort, KY 40601<br><br>    Defendant. | Cause No. 3-15-cv-145-CRS<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff, Ella J. Fausz ("*Plaintiff*" or "*Ms. Fausz*"), individually and on behalf of others similarly situated, by counsel, files this complaint against the Defendant, NPAS, Inc., and states as follows:

### INTRODUCTION

1. This is an action for statutory damages and injunctive relief brought by Plaintiff, individually, and on behalf of a class of similarly-situated consumers, against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "*FDCPA*"), which prohibits debt collectors from

engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith. Plaintiff claims that Defendant violated the FDCPA by failing to include certain information in its initial written communication to Plaintiff and the member of the class, as required by 15 U.S.C. § 1692(g)(a), and by failing to disclose in its communications with Plaintiff and the class members that the Defendant is a debt collector, in violation of 15 U.S.C. § 1692(e)(11).

## PARTIES

2. The Plaintiff, Ella Fausz ("*Plaintiff*" or "*Ms. Fausz*"), is an individual and a citizen of the Commonwealth of Kentucky, presently residing in Jefferson County, Kentucky.

3. Ms. Fausz is a "*consumer*" as that term is defined in the FDCPA and with respect to the matters herein.

4. Defendant, NPAS, Inc. ("*Defendant*" or "*NPAS*"), is a corporation organized and existing under the laws of the State of Tennessee, having principal offices located at One Park Plaza in Nashville, Tennessee.

5. At all pertinent times herein, Defendant was engaged in the business of collecting consumer debt in the Commonwealth of Kentucky and across the United States.

6. On information and belief, the Defendant's principal business is the collection of consumer debt.

7. On information and belief, the Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. NPAS is a "*debt collector*" as said term is defined in the FDCPA and with respect to the matters herein.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

10. Venue in this District is proper because the Defendant transacts business in this District, Plaintiff was a resident of this District at all pertinent times herein, and the conduct complained of occurred here.

## FACTS

11. On or about February 11, 2014, NPAS sent Ms. Fausz a dunning letter through the mails advising that $3,515.50 was due for medical services on account "T11228000634" on behalf of a creditor, Springfield Regional Medical Center, for services rendered on August 16, 2011.

12. On information and belief, the debt owed on account "T11228000634" was in default when NPAS obtained the account.

13. On information and belief, Springfield Regional Medical Center requires payment promptly after services are rendered and no later than on receipt of its invoice.

14. On information, the February 11, 2014 letter was NPAS' initial communication with Ms. Fausz regarding account "T11228000634."

15. In the February 11, 2014 letter, NPAS did not identify itself as a debt collector or that any information obtained would be used for the purpose of collecting the debt.

16. In connection with its efforts to collect the amounts due on account "T11228000634," NPAS failed to send Ms. Fausz written notice of the debt as required by the FDCPA, specifically 15 U.S.C. § 1692g(a).

17.     As a proximate consequence of Defendant's conduct as herein alleged, Ms. Fausz is entitled to an award against Defendant in the form of actual damages, statutory damages, attorney's fees, and costs.

### COUNT I – FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS

18.     Ms. Fausz reiterates and incorporates herein Paragraphs 1 to 17.

19.     NPAS' representations to Ms. Fausz in its February 11, 2014 letter were materially false, deceptive, and/or misleading.

20.     Specifically, in the letter, NPAS failed to identify itself as a debt collector or that any information obtained would be used for a debt collection purpose, in violation of 15 U.S.C. § 1692e(11).

21.     Defendant's conduct as alleged herein constitutes violations of the FDCPA in that Defendant's conduct constituted the making of false, deceptive, or misleading representations in connection with collecting the debt, in violation of 15 U.S.C. § 1692e.

22.     With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

### COUNT II – VIOLATION OF VALIDATION RIGHTS

23.     Plaintiff reiterates and incorporates herein Paragraphs 1 to 17.

24. Defendant's conduct, as alleged herein, constitutes violations of the FDCPA, Section 1692g(a), in that Defendant failed to send Ms. Fausz a written notice of the debt containing:

(i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and,

(iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

25. By reason of the conduct complained of herein, Defendant violated the FDCPA and is liable to Plaintiff for actual damages and statutory damages up to one-thousand dollars ($1,000) per 15 U.S.C. § 1692k *et seq*.

26. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

## CLASS ALLEGATIONS

27. Plaintiff files this action as a class action on behalf of all individuals who received letters from NPAS seeking to collect medical debt within one-year from the filing of this action.

28. This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiff and all others similarly situated with the Class defined as follows: All individuals who received letters from NPAS sent on or after February 11, 2014 seeking payment of past-due medical debt on behalf of Springfield Regional Medical Center.

29. Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members is unknown to Plaintiff, but upon information and belief, the number of individuals within the Class may exceed 200. The true number of Class members is likely to be known to Defendant.

30. There is a well-defined community of interest among members of the Class. The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff and all Class members received from Defendant dunning letters that failed to comply with the requirements of the FDCPA. The factual basis of Defendant's conduct is common to all Class members and resulted in injury to all Class members.

31. The questions of law and fact in this case are common to Plaintiff and Class members and include the following:

    a. Was Defendant required to identify itself as a debt collector in its letters to the Plaintiff and the Class Members?

      b.      Was Defendant required to include in its letters information about the debts as contemplated in 15 U.S.C. § 1692g(a)?

      c.      Did Defendant fail to comply with the requirements of the FDCPA?

      32.      Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with experience in FDCPA claims and complex litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class they represent and have the financial resources to do so. Neither Plaintiff nor counsel has any interest adverse to those of the Class.

      33.      Plaintiff and members of the Class have suffered and will continue to suffer harm and damage as a result of Defendant's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the vast majority of the Class members would likely find the cost of litigating their claims prohibitive and would have no effective remedy at law. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and litigants and promote consistency and efficiency of adjudication.

      WHEREFORE, Plaintiff, Ella J. Fausz and the putative Class, by counsel, request this Court to:

      a.      Certify the Plaintiff's Class, appoint Plaintiff as Class Representative, and appoint undersigned counsel as counsel of record as Class counsel;

      b.      Enter judgment against NPAS to compensate Plaintiff and the Class Members for their actual damages sustained as set forth in above Counts.

  c. Enter judgment against NPAS under the above Counts for statutory damages for the Plaintiff and for each member of the Class.

  d. Enter judgment against for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

  e. Conduct a trial by jury on all issues so triable.

  f. Enter an order temporarily and permanently enjoining NPAS from future similar violations of the FDCPA.

  g. Enter an order awarding attorneys' fees and costs herein incurred against NPAS.

  h. Grant any and all other relief to which the Court deems appropriate.

             Respectfully submitted,

             /s/ Zachary L. Taylor
             Zachary L. Taylor
             9900 Corporate Campus Drive
             Suite 3000
             Louisville, Kentucky 40223
             (502) 822-2500
             ztaylor@taylorlawcenter.com