UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELLA J. FAUSZ, individually,
and on behalf of a class of similarly situated persons                                PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:15-cv-00145-CRS-DW

NPAS, Inc.                                                                                   DEFENDANT

Memorandum Opinion

I.   Introduction

This matter is before the Court on the motion of Defendant NPAS, Inc. (NPAS) for leave to file under seal its partial objection to Magistrate Judge Dave Whalin's order dated January 11, 2017 that denied its motion for a protective order and granted Plaintiff Ella J. Fausz's motion for sanctions. Mot. Seal 1, ECF No. 61. NPAS also moves to file under seal the accompanying exhibits A, B, C, D, E, F, G, and H. *Id*. NPAS filed its partial objection to the magistrate judge's order in the usual course. Part. Obj. 1, ECF No. 62. NPAS, however, tendered the eight accompanying exhibits under seal. Ex. A–H, ECF No. 63. For the reasons explained below, the Court will grant in part and deny in part NPAS's motion to file under seal its partial objection to the magistrate judge's order and the accompanying exhibits A, B, C, D, E, F, G, and H.

II.  Background

As this Court previously explained, Fausz asserts that NPAS violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* by failing to provide certain information in correspondence with her.[1] Compl. ¶¶ 23–26, ECF No. 1. In August 2016, Fausz

---

[1] Fausz also asserted in her complaint that NPAS violated the FDCPA by providing false, deceptive, or misleading representations in its communications with her. Compl. ¶¶ 18–22, ECF No. 1. The Court dismissed this claim. Order 2/21/2017 1, ECF No. 68.

1

moved for sanctions against NPAS for violating a previous discovery-related order of the magistrate judge that was dated January 5, 2016. Mot. Sanctions 1, ECF No. 48.

The magistrate judge granted Fausz's motion for sanctions and mandated that NPAS, among other actions, "pay the reasonable and necessary costs and attorney fees incurred by [Fausz] in bringing the present motion for sanctions."[2] Order 1/14/17 23, ECF No. 59.

NPAS has filed an objection to the portion of the magistrate judge's order that granted Fausz's motion for sanctions. Obj. 1, ECF No. 62. NPAS filed its partial objection in the usual course. *Id*. It filed the following eight exhibits under seal:

- Exhibit A. HCA Holdings, Inc. Comprehensive Health Care Liability Policy
- Exhibit B. A training power point presentation entitled, "Fair Debt Collection Practices Act: Compliance Training"
- Exhibit C. HealthStream Quiz regarding the FDCPA
- Exhibit D. Parallon training and procedures materials regarding how to handle patient accounts
- Exhibit E. Patient account information
- Exhibit F. Additional patient account information
- Exhibit G. Available data entry points
- Exhibit H. Patient letters with coding information.

Exhibits A–H, ECF No. 63.

III. Discussion

NPAS now moves to file under seal its partial objection to the magistrate judge's order regarding the imposition of discovery sanctions and the accompanying exhibits. Mot. Seal 1,

---

[2] The magistrate judge also denied NPAS's motion for a protective order. Order 1/14/17 23, ECF No. 59.

ECF No. 61. Before granting a motion to seal, a district court "must set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co. v. John Deere*, 834 F.3d 589, 594 (6th Cir. 2016) (internal quotation marks omitted). The interests in support of nondisclosure must be "compelling;" the interests in support of access must be "less so;" and the seal itself must be "no broader than necessary." *Id*.

NPAS provides two reasons for why its partial objection to the magistrate judge's order and the accompanying exhibits should be filed under seal. First, NPAS states that the documents are protected by a confidentiality agreement that it entered into with Fausz and thus should not be publically available. Mot. Seal 1, ECF No. 61. Second, NPAS summarily asserts that the documents should be sealed "because they contain the names and identifying information of persons who are not parties to the case, protected health information, and confidential business information" that belongs to it. *Id*.

Local Rule 5.7 provides that a party may move to file a document under seal. Under Rule 5.7(c), a party seeking to file a sealed document must state in their motion to seal "why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure." Local Rule 5.7(c) also states, "Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof warrants filing under seal."

Three recent decisions from the United States Court of Appeals for the Sixth Circuit further discuss the heavy burden a party must meet to seal a court document. In *Rudd Equipment Co.*, the Court of Appeals upheld the district court's order to unseal an entire civil case. 834 F.3d at 596. In *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, the Court of Appeals vacated a district court's decision to seal nearly two hundred exhibits and an expert report in a class action. 825 F.3d 299, 311 (6th Cir. 2016). In *Klingenberg v. Federal Home Loan Mortgage*

3

*Corp.*, the Court of Appeals vacated the sealing of motions of summary judgment and attached exhibits. 658 F. App'x 202, 208 (6th Cir. 2016). The district court had made no findings in support of its decision to seal the parties' motions for summary judgment. *Id*. at 207. Instead, the parties filed the documents under a stipulated protective order and did not file motions to seal. *Id*. at 207–08. The appellate court determined that the record did not justify a seal. *Id*. at 208.

Taken together, these decisions highlight the strong presumption in favor of open public proceedings. As noted by the Court of Appeals in *Shane Group*, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." 825 F.3d at 305 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "At the adjudication stage, however, very different considerations apply." *Id*. at 305. At the adjudication stage, the proponent of sealing bears a "heavy" burden; "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id*. (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The proponent of sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305–06; *see also Klingenberg*, 658 F. App'x at 207 (explaining that, if parties submit documents under seal, they must also file a motion requesting a seal and offer compelling reasons justifying non-disclosure).

Here, NPAS has not met its burden of justifying the sealing of its partial objection to the order of the magistrate judge granting sanctions and of the accompanying exhibits. While Fausz and NPAS might have entered into a confidentiality agreement, such an agreement is insufficient to justify sealing records. *See* Local R. 5.7(c). And NPAS does not "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *See Shane Group*, 825 F.3d at 305–06. Under current precedent governing in the Sixth Circuit, NPAS has not

4

shown that the information in the partial objection or the accompanying exhibits warrants sealing.

The Court, however, is concerned about the availability in the exhibits of the names and other types of identifying information of persons who are not parties to the case, and protected health information in exhibits E, F, G, and H. Under Federal Rule of Civil Procedure 5.2(e), a court may "limit or prohibit a nonparty's remote electronic access to a document" filed with it. Therefore, given its concerns about the availability of health and identifying information of nonparties, the Court will grant NPAS's motion to file under seal exhibits E, F, G, and H. As the partial objection and exhibits A, B, C, and D do not appear to contain either health or identifying information, the Court will deny the motion to file under seal as to the partial objection and these four exhibits.

IV. Conclusion

The Court will grant NPAS's motion to file under seal exhibits E, F, G, and H. The Court will deny NPAS's motion to file under seal the partial objection to the magistrate judge's order granting sanctions and accompanying exhibits A, B, C, and D. The Court will order NPAS to file exhibits A, B, C, and D in the usual course. An order will be entered in accordance with this memorandum opinion.

March 9, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**