UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELLA J. FAUSZ, individually,
and on behalf of a class of similarly situated persons                    PLAINTIFFS

v.                                                CIVIL ACTION NO. 3:15-cv-00145-CRS-DW

NPAS, INC.                                                                        DEFENDANT

Memorandum Opinion

I.      Introduction

        This matter is before the Court on the partial objection of Defendant NPAS, Inc. (NPAS)

to the order of Magistrate Judge Dave Whalin that was dated January 11, 2017 ("the January

2017 order"), ECF No. 62. Plaintiff Ella J. Fausz responded, ECF No. 74. NPAS did not reply.

For the reasons discussed below, the Court will overrule NPAS's partial objection.

II.     Background

        Fausz filed suit against NPAS in February 2015. Compl. 1, ECF No. 1. Fausz asserts that

NPAS violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* by

failing to provide required information in correspondence that it sent to her.[1] *Id*. ¶¶ 23–26.

        As explained by the magistrate judge in the January 2017 order, Fausz served

interrogatories and requests for production on NPAS in April 2015. Order 1/13/2017 2, ECF No.

59. Two months later, NPAS responded. *Id*. NPAS objected to seven of Fausz's interrogatories

and sixteen of her requests for production of documents on the basis of relevance. *Id*. NPAS

---

[1] Fausz also asserted that NPAS violated the FDCPA by providing false, deceptive, or
misleading representations in its communications. Compl. ¶¶ 18–22, ECF No. 1. This Court
dismissed this second claim in February 2017. Order 2/21/2017 1, ECF No. 68.

objected to five of Fausz's interrogatories and ten of her requests for production of documents on the basis of privacy, confidentiality, and/or trade secret protection. *Id*.

Counsel for both parties sought to resolve this discovery dispute without the Court's intervention. *Id*. As a result of counsels' discussions, NPAS agreed to provide supplemental discovery responses. *Id*. But despite NPAS's providing supplemental discovery responses, Fausz maintained that the responses were still deficient. *Id*. at 2–3. She thus filed a motion to compel. *Id*. at 3.

The magistrate judge addressed Fausz's motion to compel in January 2016. *Id*. The magistrate judge determined that Fausz was entitled to the majority of her requested discovery, with some limitations. *Id*. The magistrate judge accordingly ordered NPAS to produce (1) "FDCPA compliance proceedings, manuals and policies," (2) "any insurance agreement that might provide coverage to NPAS should it be held liable for violation of the FDCPA," and (3) "the account records of the putative class members . . . with the names of the members redacted from the documents." Order 1/5/2016 10, 14–16, 19, ECF No. 19. Neither party filed an objection to the magistrate judge's order addressing Fausz's motion to compel. Order 1/13/2017 5, ECF No. 59. The magistrate judge presumed that the discovery matter had been fully resolved. *Id*.

Over the next several months, however, the parties filed a series of motions to extend the deadlines to complete discovery. *Id*. They disagreed regarding which documents NPAS was required to produce. *Id*. at 5–7. As a result of this ongoing discovery dispute, Fausz filed a motion for sanctions, and NPAS filed a motion for a protective order. *Id*. at 7.

Relevant to NPAS's partial objection is the portion of the January 2017 order addressing Fausz's motion for sanctions under Federal Rule of Civil Procedure 37(b)(2)(A). The magistrate

judge explained that sanctions are imposed under Rule 37(b)(2)(A) to penalize parties for conduct warranting a sanction and to deter those parties who would be tempted to engage in such conduct in the absence of a detriment. *Id*. at 20 (citing *Roadway Express Inc. v. Piper*, 447 U.S. 752, 763–64 (1980)). The magistrate judge noted that a district court, when considering whether sanctions are appropriate, must "take into consideration how the absence of the unproduced evidence allegedly impaired the moving party's ability to establish its case." *Id*. at 21 (citing *Wilson v. Volkswagen of America, Inc.*, 561 F.3d 494, 504–05 (4th Cir. 1977)).

The magistrate judge then determined that "it appear[ed] that NPAS knowingly chose to construe the Court's [January 2016] Order in such a fashion as to thwart the efforts of [Fausz] to obtain information and documents clearly relevant to her FDCPA claims." *Id*. at 21. Notably, NPAS repeatedly asked Fausz's counsel to explain which data items that she wanted, a task that was impossible until it had acknowledged that there were 1,118 types of such data. *Id*. The magistrate judge continued:

> This unfortunate scenario suggests to the Court that sanctions are required. Its discovery production in the face of the Court's Order was both belated and incomplete. Only by adopting a strained and overly narrow interpretation of the Order has NPAS been able to attempt to justify its disclosure practices in the present case. The imposition of sanctions under the circumstances is fully warranted.

*Id*. at 22. The magistrate judge accordingly (1) ordered NPAS to pay the reasonable and necessary costs and attorney fees incurred by Fausz in bringing her motion for sanctions, (2) reopened discovery for ninety days to allow Fausz to obtain complete discovery from NPAS, (3) required NPAS to bear the cost of producing several types of data, and (4) ordered NPAS to bear the cost of re-deposing any witness that had been deposed by Fausz that she is required to examine again as a result of its deficient discovery production. *Id*. at 23.

III.   <u>Discussion</u>

NPAS now objects to the portion of the magistrate judge's order imposing sanctions on NPAS for discovery violations. Partial Obj. 1, ECF No. 62. The Court must consider a timely objection to a magistrate judge's order on a non-dispositive matter and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b) (providing for a district court's reconsideration of a magistrate judge's determination of a pretrial matter that is "clearly erroneous or contrary to law").

The magistrate judge's factual findings are reviewed under the clearly erroneous standard. *Heights Cvmt. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. Under the clearly erroneous standard, the Court does not ask whether the magistrate judge reached "the best or only conclusion that can be drawn from the evidence." *Knox v. Prudential Ins. Co. of Am.*, No. 13-CV-00424-CRS, 2014 U.S. Dist. LEXIS 170597, at *4 (W.D. Ky. Dec. 9, 2014) (citing *Tri-Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)). "Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Id*.

In comparison, the magistrate judge's legal conclusions are subject to the plenary "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). A legal conclusion is contrary to law when it contradicts or ignores applicable legal principles found in the Constitution, statutes, and case precedent. *Id*. The Court must thus exercise "independent judgment" in reviewing the magistrate judge's legal conclusions. *Id*.

NPAS argues that the magistrate judge erred in granting an award of sanctions because the record establishes that it acted "entirely in good faith" at all times. Partial Obj. 6–15, ECF No. 62. Fausz contends in opposition that whether NPAS acted in good faith is immaterial for an imposition of sanctions under Federal Rule of Civil Procedure 37 and, regardless, that the magistrate judge found that NPASs conduct was not in good faith. Resp. Opp. Partial Obj. 3–4, ECF No. 74.

Rule 37(b)(2)(A) provides that "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Sanctions may include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," "striking pleadings in whole or in part," "dismissing the action or proceedings in whole or in part," and "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." *Id*. Rule 37(b)(2)(C) provides that "instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses . . . caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

In the Sixth Circuit, a court generally need not make a finding of bad faith before sanctioning a party under Rule 37. *Youn v. Track*, *Inc*., 324 F.3d 409, 421 (6th Cir. 2003). But if a court intends to dismiss a party's lawsuit as a sanction under Rule 37, the court should consider "whether the party's [conduct] [was] due to willfulness, bad faith, or fault," in addition to three other factors. *Fharmacy Records v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010).

5

In comparison, a court must make a finding of bad faith to sanction a party under its inherent powers. *Youn*, 324 F.3d at 421 (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002)). The court may alternatively make a finding of "conduct that is 'tantamount to bad faith'" to sanction a party under its inherent powers. *First Bank*, 307 F.3d at 517 (*citing Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). The "district court's reliance upon its inherent authority to sanction derives from its power to impose respect in its presence, control the litigants before it, and guarantee the integrity of the courts." *Bradley J. Delp Revocable Trust Dated January 8, 1992 v. MSJMR 2008 Irrevocable Trust Dated December 31, 2008*, 665 F. App'x 514, 520 (6th Cir. 2016).

Here, the magistrate judge sanctioned NPAS under Rule 37(b)(2)(A). *See* Order 1/13/17 20, ECF No. 59 ("Fausz's motion for sanctions is governed by the provisions of Rule 37(b)(2)(A)."). Given that the sanctions did not involve a dismissal, whether NPAS acted in bad faith was immaterial to the magistrate judge's decision to impose sanctions. *See Youn*, 324 F.3d at 421.

Even if the magistrate judge sanctioned NPAS under its inherent powers, the magistrate judge made a finding that NPAS engaged in conduct that was tantamount to bad faith; the magistrate judge wrote that that "it appear[ed] that NPAS knowingly chose to construe the Court's [January 2016] Order in such a fashion as to thwart the efforts of [Fausz] to obtain information and documents clearly relevant to her FDCPA claims." Order 1/13/2017 21, ECF No. 59. As such, the magistrate judge's order of sanctions was not clearly erroneous or contrary to law. The Court will overrule NPAS's partial objection to the magistrate judge's order of sanctions.

IV.     <u>Conclusion</u>

The Court will overrule NPAS's objection to the portion of the January 2017 order that imposed sanctions for discovery violations. An order will be entered in accordance with this memorandum opinion.

March 31, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**